[Cite as *In re J.M.*, 2020-Ohio-5498.]

# IN THE COURT OF APPEALS

# FIRST APPELLATE DISTRICT OF OHIO

# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| IN RE: J.M. | : | APPEAL NOS. C-200075 |
| | | C-200076 |
| | : | C-200077 |
| | | C-200078 |
| | : | TRIAL NOS. 19-2342Z |
| | | 19-3318Z |
| | : | 19-3319Z |
| | | 19-3352Z |
| | : | |
| | : | *O P I N I O N.* |

Appeals From:  Hamilton County Juvenile Court

Judgments Appealed From Are:  Affirmed in Part, Reversed in Part, and Cause Remanded

Date of Judgment Entry on Appeal:  December 2, 2020

*Joseph T. Deters,* Hamilton County Prosecuting Attorney, and *Scott M. Heenan,* Assistant Prosecuting Attorney, for Plaintiff-Appellee State of Ohio,

*Timothy Young*, Ohio Public Defender, and *Abigail Christopher,* Assistant State Public Defender, for Defendant-Appellant J.M.

**CROUSE, Judge.**

{¶1}   Defendant-appellant J.M. entered admissions to acts which, had they been committed by an adult, would constitute complicity to aggravated robbery and complicity to the accompanying firearm specifications for her role in a series of robberies.   The juvenile court committed J.M. to the Ohio Department of Youth Services ("DYS") for three years on each of the firearm specifications.

{¶2}   J.M. has appealed, arguing in three assignments of error that (1) the juvenile court erred in imposing three-year commitments for the firearm specifications where all parties stipulated that she was not the principal offender and did not furnish, use, or dispose of the gun used by the principal offender; (2) she was denied the effective assistance of counsel under the Sixth and Fourteenth Amendments to the United States Constitution and Article I, Section 10 of the Ohio Constitution; and (3) the juvenile court did not substantially comply with Juv.R. 29 when it improperly advised her that she could receive a three-year commitment to DYS for each firearm specification when she was only complicit to the underlying offense.

{¶3}   If a juvenile is complicit to an offense where the principal offender would be guilty of a firearm specification under R.C. 2941.145, but the juvenile did not furnish, use, or dispose of the firearm that was involved in the underlying offense, in addition to any other penalty, the court may impose no more than a one-year commitment to DYS.  R.C. 2152.17(B)(1).

{¶4}   The state concedes that J.M. was not the principal offender and did not furnish, use, or dispose of the firearm, and therefore, the juvenile court was

limited to imposing a maximum commitment of one year on each of the firearm specifications.

### *Conclusion*

{¶5}     The first assignment of error is sustained and the cause is remanded to the juvenile court to conduct a dispositional hearing on the firearm specifications. The remainder of the juvenile court's judgments are affirmed.  Due to our disposition of the first assignment of error, we do not address the second or third assignments of error.

Judgments affirmed in part, reversed in part, and cause remanded.

**MOCK, P.J.,** and **BERGERON, J.,** concur**.**

Please note:
  The court has recorded its own entry on the date of the release of this opinion.